IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>JOHNNIE LONG JR. #09316-003, )<br>    Defendant. ) | CRIMINAL ACTION 1:05-00339-KD-C |

**ORDER**

This matter is before the Court on Defendant Johnnie Long Jr. (Long)'s letter Motion to serve his sentence in a 12-month drug treatment center. (Doc. 92).

On February 23, 2006, Defendant Long pleaded guilty to Counts One and Six of the Indictment. (Doc. 17). On June 15, 2023, Defendant Long's most recent term of supervised release was revoked, a Judgment on Revocation of Supervised Release Term issued, and Defendant Long was committed to the custody of the United States Bureau of Prisons (BOP) for a term of eight (8) months with 24 months of supervised release reimposed. (Doc. 91). On June 28, 2023, Defendant Long filed the present motion, seeking to serve his eight (8) month term of incarceration at a 12-month drug treatment center (rehabilitation program) instead of the custody of the BOP, followed by 24 months of SRT. As grounds, Defendant Long cites his drug addiction, mental health including emotional co-dependency, the recent loss of his parents, family stress, and a wish to end his cycle of drug-usage and probation violations.

Given the substance of Defendant Long's motion, he is seeking to modify his revocation sentence (judgment). Defendant Long does not provide any case law, rule, or statute in support and/or that would give the Court jurisdiction to modify the revocation judgment as requested. Pursuant to Section 3582(b), which governs modifications to sentences of imprisonment, a

judgment that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, (2010) (internal quotations omitted). Those limited circumstances are set forth in Section 3582(c). No such circumstances have been asserted by Defendant Long in his motion, and none appear to exist in this case. Moreover, even if the Court had authority to reconsider the sentence imposed, it would decline to do so. Further, as to where Defendant Long serves his eight (8) month sentence, the BOP has the authority to designate the place of his imprisonment, not the undersigned. Accordingly, Defendant Long's Motion (Doc. 92) is **DENIED.**

**DONE** and **ORDERED** this the **15th** day of **August 2023.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**